UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW LUKE GILLUM,<br><br>        Defendant. | No. 2:24-cr-0053-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Matthew Luke Gillum's ("Defendant") Motion for a Bill of Particulars. (ECF No. 29.) The Government filed an opposition to the Motion. (ECF No. 35.) Defendant filed a reply. (ECF No. 36.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///

1

In 2014, Defendant pleaded guilty to conspiracy to distribute marijuana under 21 U.S.C. §§ 846 and 841(a)(1) in connection with a drug trafficking operation conducted on the dark web. *United States v. Gillum*, Case 2:13-cr-0393-MCE, ECF No. 39. Thereafter, Defendant was sentenced and served approximately six years in prison. (ECF No. 29 at 2.) After his release from prison, Defendant is alleged to have laundered the proceeds from the drug trafficking operation. (ECF No. 1, 11.) Specifically, the criminal complaint and accompanying eighteen-page affidavit allege that Defendant sold cryptocurrency derived from marijuana sales and then deposited the proceeds into his bank accounts or wired funds to family. (ECF No. 1 at 14–16.)

Defendant is now charged with nine counts of money laundering under 18 U.S.C. § 1957 in connection with conspiracy to distribute, and possession with intent to distribute, marijuana. (ECF No. 11.) The indictment specifically identifies nine monetary transactions — by date, dollar amount, and financial institution — that are the basis for nine counts of money laundering. (*Id.* at 2.) At the time of filing his motion, Defendant had also received approximately 9,000 pages of discovery from the Government in this case. (ECF No. 29 at 3.)

Despite these disclosures and knowledge of the related case (*United States v. Gillum*, Case 2:13-cr-0393-MCE), Defendant asks the Court to order the Government to file a bill of particulars.[1] (ECF No. 29.) Defendant seeks clarity about "which assets were the direct result of any alleged marijuana sales" and requests the Government "trace dollar-for-dollar all alleged criminal proceeds back to their origins and to identify the amounts." (ECF Nos. 29 at 4; 36 at 2.) Defendant further seeks information on the dates of sale, the original form of currency tendered, the appreciation in value of cryptocurrency since acquired, and dates and values of all subsequent transfers or exchanges of assets from the time of acquisition until the alleged money laundering transactions. (ECF Nos. 29 at 3–4, 9; 36 at 1.) Defendant argues these specifics are necessary to adequately prepare his defense. (ECF No. 29 at 9.)

---

[1] In his reply, Defendant also "objects to any opinions, testimony, or statements by the [Government's] expert to the effect that defendant lied, whether for the present motion or for any purpose including trial." (ECF No. 36 at 5.) The Court does not rely on any expert opinion in ruling on this motion, therefore, it need not resolve the objection at this time. Defendant may renew his objection at trial or upon a properly noticed motion, if necessary.

2

The Government asserts there is no ambiguity as to which assets were the direct result of alleged criminal activity because "all nine transactions were conducted with drug proceeds." (ECF No. 35 at 3.) The Government argues the appropriate remedy for Defendant's disagreement with the indictment is a jury trial or, to the extent Defendant seeks to enforce the Government's discovery obligations, a Rule 16 motion. (*Id.* at 1, 5.)

In determining whether a bill of particulars is warranted under Federal Rule of Criminal Procedure ("Rule") 7(f), the Ninth Circuit has stated, "[a] bill of particulars has three purposes: to apprise the defendant of the specific charges being presented so as to minimize surprise at trial, to aid the defendant in preparing for trial, and to protect against double jeopardy." *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985); *see also United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *United States v. Ayers*, 924 F.2d 1468, 1483–84 (9th Cir. 1991). Courts consider the totality of the information available to the defendant through the indictment, discovery, and all disclosures made by the government. *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *Long*, 706 F.2d at 1054 ("Full discovery will obviate the need for a bill of particulars"). Trial courts have broad discretion in determining whether to grant a motion for bill of particulars. *See Will v. United States*, 389 U.S. 90, 99 (1967); *Long*, 706 F.2d at 1054; *United States v. Calabrese*, 825 F.2d 1342, 1347 (9th Cir. 1987).

A bill of particulars is not warranted here. There should be no surprise at trial as to the charges that will be presented against Defendant. The indictment is specific as to the nine monetary transactions of alleged money laundering detailed by date, amount, and financial institution. (ECF No. 11.) The criminal complaint further illuminates the Government's theory by describing how it came to know of Defendant's alleged crypto accounts procured from marijuana sales and subsequent transfers to his bank accounts. (ECF No. 1.) Collectively, the Government's indictment, criminal complaint, 9,000 pages of discovery, including financial and cyber expert reports, are sufficient to put Defendant on notice of the charges against him, minimize surprises at trial, and guard against double jeopardy. (ECF Nos. 1, 11, 29 at 3.)

Defendant is not entitled to a "dollar-for-dollar" tracing through a bill of particulars. A defendant "is not entitled to know all the evidence the government intends to produce, but only

3

the theory of the government's case." *United States v. Giese*, 597 F.2d 1170, 1180–81 (9th Cir. 1979) (citing *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)); *see also United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981) ("The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved."). Defendant's multiple requests for information are more akin to discovery requests, trial disclosures, or strategy inquiries and are beyond the bounds of Rule 7(f). *See Giese*, 597 F.2d at 1181 (finding bill of particulars is not to be used as a discovery device, with a defendant interrogating the government as to the precise details of every alleged act—the "when, where, and how" of every allegation).

Defendant has sufficient information of the Government's theory and the charges against him to adequately prepare for trial, minimize surprises, and avoid double jeopardy. For the foregoing reasons, Defendant's motion for a bill of particulars is DENIED. (ECF No. 29.)

IT IS SO ORDERED.

DATE: October 7, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE