UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW LUKE GILLUM,<br><br>Defendant. | No. 2:24-cr-00053-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Matthew Luke Gillum's ("Defendant") Motion for Attorneys' Fees and Request for a Hearing. (ECF No. 28.) The Government filed an opposition to the Motion. (ECF No. 30.) Defendant replied. (ECF No. 34.) For the reasons set forth below, the Court DENIES Defendant's motion without prejudice.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In 2014, Defendant pleaded guilty to conspiracy to distribute marijuana under 21 U.S.C. §§ 846 and 841(a)(1) related to a drug operation conducted, in part, on the dark web. *United States v. Gillum*, Case 2:13-cr-0393-MCE (ECF No. 39). Thereafter, Defendant was sentenced and served approximately six years in prison. (ECF No. 29 at 2.)

Defendant is now charged with nine counts of money laundering under 18 U.S.C. § 1957 related to alleged proceeds derived from his sales of marijuana. (ECF No. 11.) The Government alleges Defendant sold marijuana in exchange for cryptocurrency and after his release from prison, Defendant deposited proceeds from those sales into his bank accounts or wired the funds

to a family member.  (ECF No. 1 at 14–16).

The same month Defendant was indicted for money laundering, the Government filed two civil forfeiture actions seizing alleged criminal proceeds.[1]  *USA v. 16275 Collins Ave, Unit 2601, Sunny Isles Beach, FL* (Case No. 2:24-cv-00691-TLN-JDP); *USA v. Real property located at 15999 River Road, Guerneville, CA, et al.* (Case No. 2:24-cv-00889-TLN-JDP).  Collectively, the Government seeks forfeiture of the following assets:

1. Condominium located at 16275 Collins Ave, Unit 2601, Sunny Isles Beach, Florida, owned by Catherine Gillum, as the trustee of MG Protection Trust;
2. Real property located at 15999 River Road, Guerneville, California, owned by Matthew Gillum, trustee of The Gillum Family Protection Trust; and
3. $692,500 promissory note held by Creative Property Holdings LLC secured by a recorded mortgage on real property in Clovis, California.

There have been no hearings in either case.  At the request of the parties, the Court stayed both forfeiture actions until resolution of Defendant's criminal case.

On June 3, 2024, the Government also filed a Bill of Particulars for Forfeiture of Property, in the instant case, identifying four cryptocurrency accounts for which the Government will seek forfeiture if Defendant is convicted.  (ECF No. 22.)

Now, Defendant requests a hearing and an order releasing $750,000 of seized assets to pay Defendant's legal fees and costs in his pending criminal case, or alternatively, to release funds sufficient to retain experts.  (ECF Nos. 28 and 34.)  Defendant argues (1) the money laundering statute,18 U.S.C. § 1957, should be read to allow for payment of attorneys' fees from seized or forfeited funds and that public policy favors this interpretation, (2) the increase in value of cryptocurrency does not constitute "criminal proceeds" and should not be subject to forfeiture, and (3) Defendant has standing under the Fifth and Sixth Amendments to challenge whether assets are tainted.  (ECF No. 28.)

---

[1]  Additionally, in November 2015, approximately $740,050 (in Bitcoin and Tradehill accounts belonging to Matthew and Catherine Gillum) was forfeited in connection with Defendant's 2014 conviction.  *See United States of America v. Approximately $200,979.15 seized from Tradehill, Inc., et al.*, Case No. 2:14-cv-02950-MCE-CKD (ECF No. 53).

2

1    The Government opposes Defendant's motion asserting, *inter alia*, (1) Defendant misinterprets the safe harbor provision in 18 U.S.C. § 1957, (2) courts have long held that any increased value or gain derived from tainted assets remains tainted and subject to forfeiture, and (3) Defendant does not have standing to claim rights to the seized assets because he defaulted in the civil forfeiture actions. (ECF No. 30.)[2]

## II.  ANALYSIS

### A.   The "Safe Harbor" of 18 U.S.C. § 1957

As an initial matter, 18 U.S.C. § 1957's ("§ 1957") "safe harbor" provision does not apply here. In the money laundering charging statute, § 1957(f)(1) exempts "any transaction necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the Constitution" from the definition of "monetary transaction."

Defendant argues that § 1957(f)(1)'s "safe harbor" should allow a defendant to use forfeitable assets — the alleged criminal proceeds — to pay a defendant's attorney of choice in a money laundering case. (ECF Nos. 28 and 34.) Defendant does not cite, and the Court cannot find, any authority supporting Defendant's statutory interpretation.

Rather, as the Government explains, § 1957(f)(1) carves out an affirmative defense to the charge of money laundering; it does not grant an entitlement to use seized criminal proceeds for attorneys' fees. (*See* ECF No. 30 at 3.) In their reply, defense counsel expresses confusion about the defensive nature of § 1957(f)(1). (ECF No. 34 at 4.) To clarify, the Court directs counsel's attention to their own motion (ECF No. 28 at 5), citing a periodical source in a 10-point, single-spaced, block quote spanning over a page, which explains: In *Caplin & Drysdale*, the United States Supreme Court held "that one does not have a Sixth Amendment right to use forfeitable funds for a criminal defense" and a trial court, interpreting *Caplin* in the § 1957(f) context, "took

---

[2] The Court declines to address the second and third arguments on standing and valuation of assets, because these arguments are more appropriately litigated in the civil forfeiture actions. The only issues ripe in this action are the suggested interpretation of the criminal statute and Defendant's constitutional claims. Although, the Court notes without opining, that the weight of authority supports the Government's assertion that "[c]ourts have long held that any appreciation, investment return, or gain derived from tainted assets remains tainted and is fully subject to forfeiture[,]" and this Court is not inclined to treat cryptocurrency differently. (ECF No. 30 at 4.)

the view that the appropriate construction of § 1957(f)'s exception is that it is *an affirmative defense* to the money laundering offense, which a defendant must prove, at trial, by a preponderance of the evidence." 81 A.L.R. Fed. 2d. 321 § 5 (emphasis added) *citing Caplin & Drysdale*, 491 U.S. 617; *United States v. Ferguson*, 142 F. Supp. 2d 1350 (S.D. Fla. 2000).

The Court agrees with the Government and defense counsel's research. Specific conduct exempted from a charging statute creates a defense to the violation, thus, § 1957(f)(1) is an affirmative defense to a § 1957 violation. *See United States v. Hoogenboom*, 209 F.3d 665, 669 (7th Cir. 2000); *Ferguson*, 142 F. Supp. 2d at 1359; *cf. United States v. Rutgard*, 116 F.3d 1270, 1291 (9th Cir. 1997) (finding without § 1957(f)(1) "a drug dealer's check to his lawyer might have constituted a *new* federal felony"). Section 1957(f)(1) does not, as Defendant argues, create a right for defendants charged with money laundering to use forfeitable funds for attorneys' fees. Indeed, there is no such right. *See Caplin & Drysdale*, 491 U.S. at 632; *Monsanto*, 491 U.S. at 614; *Kaley*, 571 U.S. at 322.

In this case, neither party contends that any of the nine counts of money laundering relate to a payment for attorneys' fees or costs. Thus, § 1957(f)(1) has no bearing here and cannot provide Defendant the relief he seeks.

### B. Challenging Forfeitability of Assets and Defendant's Request for Hearing

The Court next determines whether Defendant may be entitled to a hearing to challenge whether Defendant's assets are forfeitable if "the government has not yet proven a substantial connection between the property and the offense." (ECF No. 34 at 7.)

Criminal defendants have a Sixth Amendment right to the assistance of counsel of their choosing, but that right is not unlimited. U.S. Const. amend. VI; *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("right to choose one's own counsel is circumscribed in several important respects . . . [including that] a defendant may not insist on representation by an attorney he cannot afford"); *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626 (1989) ("[T]he Government does not violate the Sixth Amendment if it seizes the [criminal] proceeds and refuses to permit the defendant to use them to pay for his defense."); *United States v. Monsanto*, 491 U.S.

600, 614 (1989) (holding asset seizure constitutional even where defendant wishes to use funds to retain attorney).

A pre-trial restraint on property is constitutionally permissible when there is probable cause to believe the property is forfeitable, even where a defendant seeks to use the disputed property for legal representation. *Monsanto*, 491 U.S. at 615–16; *see also* 18 U.S.C. § 981(b)(2)(B) ("a seizure may be made without a warrant if . . . there is probable cause to believe that the property is subject to forfeiture"). To determine if property is forfeitable, "[t]here must be probable cause to think (1) that the defendant has committed an offense permitting forfeiture, and (2) that the property at issue has the requisite connection to that crime." *Kaley v. United States*, 571 U.S. 320, 323–24 (2014). On the first issue, a grand jury's indictment is determinative and may not be challenged. *Id.* On the second issue, since *United States v. Monsanto*, trial courts have generally provided the defendant a hearing and opportunity to challenge probable cause on property's nexus with the crime, where a defendant seeks to lift an asset restraint to pay for a lawyer. *Id.* at 324.

Such a hearing is not automatic. A defendant must first show that he has a bona fide need to use the seized funds and does not have sufficient alternative assets to pay for his defense.[3] *See United States v. Unimex, Inc.*, 991 F.2d 546, 551 (9th Cir. 1993) ("the court must decide whether the moving papers filed, including affidavits, are 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented"); *see, e.g.*, *United States v. Mattson*, No. 25-cr-00126, 2025 WL 2145902, at *1 (N.D. Cal. July 29, 2025); *United States v. $1,546,076.35 in Bank Funds Seized from Republic Bank of Arizona Acct. XXXX*, No. 2:18-cv-08420, 2024 WL 305698, at *1 (C.D. Cal. Jan. 2, 2024); *United States v. Omidi*, No. 17-cr-661, 2021 WL 7629897, at *4 (C.D. Cal. June 15, 2021). Such a showing requires "more than a mere recitation." *Bonventre*, 720 F.3d at 131.

In his motion, Defendant does not sufficiently or specifically detail a genuine need to use the seized funds to trigger a probable cause hearing. Other than the conclusory statement that

---

[3] A showing of financial need is also necessary to evaluate Defendant's requested alternative relief for expert funds.

5

Defendant "has no access to any funds or property from which counsel can be paid" (ECF No. 28 at 3), he makes no showing of his current financial status, unrestrained assets, or ability to pay. Nor does he provide any affidavit or evidentiary support for his financial status. Thus, Defendant has not met his burden to warrant a hearing challenging the forfeitability of assets.

Therefore, Defendant's request for a hearing is DENIED without prejudice. Defendant may renew his motion if he can make a prima facie showing that his net financial resources and assets —including all cryptocurrency accounts, income, gifts, or inheritance — are insufficient to pay counsel. Any renewed motion should also identify the specific seized assets for which Defendant has an ownership interest and intends to challenge probable cause for its connection to the crime. If Defendant can make a sufficient showing and a hearing is required, the hearing will be limited in scope for the purpose of determining ownership and probable cause.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorneys' Fees and Request for Hearing is DENIED without prejudice. (ECF No. 28.)

IT IS SO ORDERED.

DATED: October 23, 2025

_____
Troy L. Nunley
Chief United States District Judge