ERIC GRANT
United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-0053-TLN |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MATTHEW LUKE GILLUM, | DATE: March 12, 2026 |
| Defendant. | TIME: 9:30 a.m. |
| | COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on March 12, 2026.

2.      By this stipulation, defendant now moves to continue the status conference until May 7, 2026, at 9:30 a.m., and to exclude time between March 12, 2026, and May 7, 2026, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports, financial records, and over a terabyte of emails. All of this discovery has been either produced directly to counsel and/or

made available for inspection and copying.

b)      In January 2026, the defendant's prior counsel withdrew and the Court appointed the Federal Defender's Office to represent the defendant. Accordingly, current defense counsel has had limited time to meet with the defendant and review the discovery in this case.

c)      Counsel for defendant desires additional time review the discovery, conduct defense investigation, and otherwise prepare for trial.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      The government does not object to the continuance.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 12, 2026 to May 7, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

USA V. GILLUM

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated: March 9, 2026                     ERIC GRANT
                                         United States Attorney


                                         /s/ JUSTIN L. LEE
                                         JUSTIN L. LEE
                                         Assistant United States Attorney


Dated: March 9, 2026                     /s/ MEGAN HOPKINS
                                         MEGAN HOPKINS
                                         Counsel for Defendant
                                         MATTHEW LUKE GILLUM


## ORDER

IT IS SO FOUND AND ORDERED this 9th day of March, 2026.


_____
Troy L. Nunley
Chief United States District Judge